UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES TRENT KLEINSCHMIDT, | No. 2:25-cv-1272 AC P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Defendant. | |

    Plaintiff is a state prisoner proceeding without counsel in a civil rights action pursuant to 42 U.S.C. § 1983.

    On May 2, 2025, plaintiff filed a civil rights complaint against defendant California Department of Corrections and Rehabilitation ("CDCR"). ECF No. 1. The complaint is twenty-one pages long, with an additional twelve pages of exhibits. Id. The complaint alleges that plaintiff's Eighth Amendment rights were violated at Pleasant Valley State Prison ("PVSP") when he was placed in general population after he was reincarcerated for a parole violation. Id. at 3, 7-11, 16-17, 19. He claims that in 2015 there was an incident in general population at PVSP, that since 2015 he had been housed in an SNY, and that despite the prior incident and SNY designation he was again placed into general at PVSP. Id. at 3, 7-11, 16-17, 19. When plaintiff was placed in PVSP general population, he told the R&R officer that he was SNY, the SNE and

1

1  every single guard on C-Yard that he is SNY and that he was in direct danger, and a sergeant G.
2  Clark, another sergeant, and lieutenant Childres the same thing. Id. at 9-11, 17. They responded
3  that the policy had changed that there was nothing they could do about it. Id. While in general
4  population at PVSP, plaintiff was stabbed 15 times in the dining hall and barely survived. Id. at
5  11-13, 19. During the incident, the guards pepper sprayed him and booked him under a false
6  name at the hospital and afterwards intervened with his ability to access the courts until now. Id.
7  at 12,14, 19.

> The federal venue statute states that
>
>> [a] civil action may be brought in
>>
>> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>>
>> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>>
>> (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Venue is proper in this court because defendant CDCR is headquartered in Sacramento, which is located in the Sacramento Division of the United States District Court for the Eastern District of California, see E.D. Cal. L.R. 120(d). However, a district court may, on its own motion, "transfer a case sua sponte under the doctrine of *forum non conveniens*, as codified at 28 U.S.C. § 1404(a), so long as the parties are first given the opportunity to present their views on the issue." Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (citations omitted); 28 U.S.C. § 1404(a) ("For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . ."). In this case, such a transfer appears proper.

Although plaintiff only names CDCR as a defendant, CDCR is not a proper defendant in a § 1983 suit. See Howlett v. Rose, 496 U.S. 356, 365 (1990) ("Will[ v. Mich. Dep't of State Police, 491 U.S. 58 (1989)] establishes that the State and arms of the State, which have

traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court."). Review of the complaint indicates that, although plaintiff does not identify other defendants in the caption or the "Defendants" section of the complaint, his factual allegations suggest that he may also be attempting to state claims against individual defendants (e.g. officers, guards, sergeants, etc.) for their alleged unlawful conduct at PVSP. Because PVSP is located in Fresno County, and all of the alleged unlawful conduct occurred in Fresno County, it is appropriate to transfer this case to the Fresno Division of this court. See 28 U.S.C. § 1404(a); E.D. Cal. L.R. 120(f) (the court may, on its own motion, transfer an action to another venue within the district for good cause). Before the court does so, plaintiff will have an opportunity to show cause in writing why this case should not be transferred.

Accordingly, IT IS HEREBY ORDERED that within twenty-one days of the service of this order, plaintiff may show cause in writing why this case should not be transferred to the United States District Court for the Eastern District of California sitting in Fresno. If plaintiff fails to respond to this order or files a notice consenting to the transfer, the case will be transferred to the Fresno Division of the United States District Court for the Eastern District of California.

DATED: May 19, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE