UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES TRENT KLEINSCHMIDT, | No. 2:25-cv-1272 DC AC P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
| Defendant. | |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. ECF No. 2. Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Id. Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

////

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to the appropriate agency requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

I. Venue

On May 20, 2025, the court informed plaintiff that although it appeared venue was proper in the Sacramento Division of the U.S. District Court for the Eastern District of California, the court may sua sponte transfer the case to the Fresno Division of the court because CDCR is not a proper defendant in a § 1983 case and because the remaining alleged unlawful conduct appears to have occurred in Fresno County. ECF No. 9 at 2-3. Before doing so, the court gave plaintiff an opportunity to show cause in writing why this case should not be transferred to the Fresno Division. Id. at 3.

Plaintiff responded to clarify that he seeks to hold responsible "CDCR higher ups employed in Sacramento," as well as CDCR staff at Pleasant Valley State Prison ("PVSP"). ECF No. 12 at 1-2. Because, as discussed below, plaintiff is being granted leave to amend the complaint, the court will not order transfer of the case at this time. However, if upon amendment it becomes clear transfer would be appropriate, the court may do so at that time.

II. Statutory Screening of Prisoner Complaints

    A. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Id., 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation omitted).  When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### B. Factual Allegations of the Complaint

Plaintiff's complaint alleges that defendant California Department of Corrections and Rehabilitation ("CDCR") violated his Eighth Amendment right when, after he was reincarcerated, CDCR forced him onto a general population ("GP") level III prison yard at Pleasant Valley State Prison ("PVSP"), despite knowing he was designated as a Sensitive Needs Yard ("SNY") inmate during his prior incarceration and is a PC 290 registrant that cannot safely be housed in GP.  ECF No. 1 at 1-3, 7-8, 16.  Plaintiff alleges that CDCR knew it was not safe to place him in GP because in 2015 inmates violently removed plaintiff from the same GP yard at PVSP, and because CDCR knows SNY inmates are immediately attacked and violently removed by GP inmates when they are placed in GP.  Id. at 7-8, 16.  Additionally, upon reincarceration, when plaintiff was placed in GP, he told the R&R officer, the SNE, every single guard on C-Yard, the escorting officer, sergeant G. Clark, another sergeant, and lieutenant Childres that he is SNY and that he was in direct danger.  Id. at 9-11, 17-19.  They "admitted they all knew what was going to happen," but there was a new policy from Sacramento that prevented them from doing anything about it.  Id. at 10-11, 17-18.  Sergeant G. Clark told plaintiff he did not have a choice in the matter, ordered him to comply with his GP housing assignment, and told him that the "higher ups" in Sacramento had changed the policy and that there was nothing anyone could do about it.  Id. at 9-10, 17.

Due to CDCR's actions, plaintiff was stabbed approximately fifteen times by other inmates in the dining hall, almost died, and is permanently disabled.  Id. at 3, 10-13, 15, 18-20.

During the incident, the guards pepper sprayed him and booked him under a false name at the hospital and intervened with his ability to access the courts until now.  Id. at 12, 14, 18-19.

Plaintiff claims the acts alleged were negligent and beyond negligent, that he should have been airlifted to the hospital rather than transported in an ambulance, and that the court should view this activity as "conspired gang activity involving the guards and inmates combined." Id. at 11-12, 14-19.  He further alleges that he was kept in the "hole for 3 months after the hospital" because there was nowhere else he could recover.  Id. at 20.  While in the "hole," he was restricted to disciplinary canteen and tablet status, despite being assigned to the "hole" for non-disciplinary reasons.  Id. at 20.  By way of relief, plaintiff seeks monetary compensation in the amount of at least fifty million dollars.  See Id. at 14, 21.

### C. Failure to State a Claim

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not state a valid claim for relief against CDCR because CDCR is immune from suit under the Eleventh Amendment.  While the complaint sufficiently states an Eighth Amendment deliberate indifference claim against sergeant G. Clark, this claim cannot proceed unless plaintiff amends the complaint to list G. Clark as a defendant.  See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]").

The complaint also suggests that plaintiff seeks to hold responsible other CDCR staff who created, implemented, and/or carried out the new policy that resulted in plaintiff's placement in GP housing, despite his SNY and PC 290 designation.  See ECF No. 1 at 9-11, 17-18.[2]  However, because the complaint fails to identify these individuals as *defendants* and describe what *each* of them did to violate his rights, if plaintiff wishes to pursue claims against them he must fix these defects.  To the extent plaintiff does not know the individuals' names, at the screening stage he may identify them as separate Doe defendants (e.g. Doe #1, Doe #2, Doe #3, and/or Doe #4 (R&R officer), Doe #5 (the SNE),[3] Doe #6-10 (C-Yard guards), etc).

---

[2] Plaintiff's response to the order to show cause also confirms this.  See ECF No. 12 at 1-2.
[3] To the extent possible, plaintiff should define any abbreviated term or title the first time he uses it (e.g. define SNE).

4

To the extent plaintiff attempted to state an Eighth Amendment medical deliberate indifference claim, he fails to do so because he has not identified *who* acted with deliberate indifference to his serious medical needs after he was stabbed and *why* it was unreasonable to transport him by ambulance rather than airlift him.  To the extent plaintiff attempted to state an Eighth Amendment claim based on the conditions of his confinement in "the hole," he fails to do so because he has no constitutional right to canteen and tablet privileges. To the extent plaintiff attempted to state a conspiracy claim under 42 U.S.C. § 1983, he fails to do so because conclusory and speculative allegations of a conspiracy, are insufficient to state a claim.  And to the extent plaintiff attempted to state a negligence claim, he is barred from doing so unless he first affirmatively pleads compliance with the California Government Claims Act's presentation requirement.[4]

### D. Leave to Amend

Because of these defects, the court will not order the complaint served on defendants. Plaintiff may try to fix the problems identified above by filing an amended complaint.  If plaintiff elects to do so, the amended complaint should not exceed twenty-five pages, and he is discouraged from including attachments (e.g. exhibits).[5]  Instead, plaintiff should use this district's complaint form and focus on listing *each* individual defendant and explaining to the court what *each* defendant did or failed to do that he believes violated his rights.  In deciding whether to file an amended complaint, plaintiff may refer to the legal standards governing his potential claims for relief, which are attached to this order.  See Attachment A.

////

////

---

[4] It is unclear whether plaintiff attempts to state a claim based on interference with his access to the courts.  To the extent plaintiff attempted to state such a claim, he fails to do so because he has not alleged an actual injury, such as the inability to meet a filing deadline or present a non-frivolous claim in this action or any other action.

[5] The court notes that it is not the duty of the court to look through the attached exhibits to determine whether they contain additional facts that would support a cognizable claim under § 1983.  Rather, the court looks to the factual allegations contained in the *complaint* to determine whether plaintiff has stated a cognizable claim for relief.

5

E. <u>Legal Standards Governing Amended Complaints</u>

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. <u>Rizzo v. Goode</u>, 423 U.S. 362, 370-71 (1976). The complaint must also allege in specific terms how *each* named defendant is involved. <u>Arnold v. Int'l Bus. Machs. Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Id.</u>; <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. **Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.** This is because, as a general rule, an amended complaint supersedes any prior complaints. <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

III.   <u>Request For CDCR Address</u>

Shortly after filing the complaint in this case, plaintiff filed a request for defendant CDCR's address in order to serve them with a copy of his complaint. ECF No. 6. This request is denied as unnecessary.

Plaintiff is informed that he does not need to attempt service. If and when plaintiff states cognizable claims and the court deems service appropriate, service of the parties will proceed under the Court's E-Service pilot program for civil rights cases for the Eastern District of California. "E-Service" means that instead of having plaintiffs fill out service paperwork for the United States Marshal to mail to the defendants or through personal service, the court will provide paperwork regarding the defendants electronically to the CDCR and the California Attorney General's Office, each of which has agreed to participate in this program. If those

6

entities are unable to effectuate service, then the matter will be referred to the United States Marshal for service. However, to the extent that these individuals are unable to effectuate service of process, the court may make further orders requiring the plaintiff to assist in providing additional information in order to effectuate service. Plaintiff need not attempt service on the defendants and need not request waiver of service.

IV.     Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Your complaint will not be served because the facts alleged are not enough to state a claim and/or you have not identified a proper defendant. You are being given a chance to fix these problems by filing an amended complaint.

**If you file an amended complaint, pay particular attention to the legal standards attached to this order, limit your amended complaint to twenty-five (25) pages, and refrain from including attached exhibits. Instead, plainly state the factual allegations of what *each* defendant did or did not do that you believe violated your federal rights. If you do not know their names, for now, you can refer to them as Doe #1, Doe #2, Doe #3, etc. Any claims and information not in the amended complaint, even if in the original complaint, will not be considered.**

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's requests for CDCR address (ECF No. 6) is DENIED as unnecessary.

4. The order to show cause issued May 20, 2025 (ECF No. 9) is DISCHARGED.

5. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

6. Within thirty days from the date of service of this order, plaintiff may file an amended

complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." The First Amended Complaint should not exceed twenty-five pages.

7. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

8. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: October 14, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I.   Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). The complaint must also allege in specific terms how *each* named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

II.   Legal Standards Governing Substantive Claims for Relief

A.   Eleventh Amendment and Official Capacity Claims

"The Eleventh Amendment bars suits against the State or its agencies for all types of relief." See Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010); Fireman's Fund Ins. Co., v. City of Lodi, Cal., 302 F.3d 928, 957 n.28 (9th Cir. 2002) ("The Eleventh Amendment bars suits which seeks either damages or injunctive relief against a state, 'an arm of the state', its instrumentalities, or its agencies."). A suit against

CDCR is barred by the Eleventh Amendment. Brown v. California Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 65 (1989) (only "person[s]" may be sued for depriving civil rights under § 1983, and states are not "person[s]" within the meaning of § 1983).

The Eleventh Amendment, however, does not bar suits seeking damages against state officials in their individual capacities. Hafer v. Melo, 502 U.S. 21, 30-31 (1991). Nor does it bar suits seeking only prospective declaratory or injunctive relief against state officers sued in their official capacities. Will, 491 U.S. at 71 (state officials sued in their official capacity for prospective relief are "person[s]" within the meaning of § 1983").

### B. Personal Involvement and Supervisory Liability

"Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In other words, to state a claim for relief under section 1983, plaintiff must link *each* individual defendant with some affirmative act or omission that shows a violation of plaintiff's federal rights.

Furthermore, "[t]here is no respondeat superior liability under section 1983," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted), which means that a supervisor cannot be held responsible for the conduct of his subordinates just because he is their supervisor. "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id. A supervisor may also be liable, without any personal participation, if he "implement[ed] a policy so deficient that the policy 'itself is a repudiation of the constitutional

2

rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (quoting Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987)).

### C. Eighth Amendment – Conditions of Confinement and Failure to Protect

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and citation omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met." Id. at 834.

"First, the deprivation alleged must be, objectively, 'sufficiently serious.'" Id. (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). To be sufficiently serious, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d 726, 732 (9th Cir. 2000). Rather, "extreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992). "More modest deprivations can also form the objective basis of a violation, but only if such deprivations are lengthy or ongoing." Johnson, 217 F.3d at 732. Placement in administrative segregation, by itself, does not rise to the level of an Eighth Amendment violation. See Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995) ("administrative segregation, even in a single cell for twenty-three hours a day, is within the terms of confinement ordinarily contemplated by a sentence" (citation omitted)).

Second, the prison official must subjectively have a "sufficiently culpable state of mind," "one of 'deliberate indifference' to inmate health or safety." Farmer, 511 U.S. at 834 (citations omitted). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. He must then fail to take reasonable measures to lessen the substantial risk of serious harm. Id. at 847. If a prison official's response to a known risk is reasonable, they "cannot be found liable." Id. at 845. Negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

3

Prisoners do not have constitutional rights to canteen and/or tablet privileges. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (affirming dismissal of § 1983 claim for denial of prison canteen products because "[t]here is no constitutional right to such items"), op. am. on den. of reh'g, 135 F.3d 1318 (9th Cir. 1998); see also Rahman X v. Morgan, 300 F.3d 970, 973-74 (8th Cir. 2002); James v. Milwaukee County, 956 F.2d 696, 699 (7th Cir. 1992) (denial of television does not constitute a cognizable civil rights claim); Gladson v. Rice, 862 F.2d 711, 713 (8th Cir. 1988) (same); Montana v. Commissioners Court, 659 F.2d 19, 23 (5th Cir. 1981) ("The claims relating to the usage of radio and television were properly dismissed as frivolous. These claims do not pertain to federal constitutional rights."); Alford v. Schweitzer, No. 2:24-cv-194, 2025 WL 2753608, at *3, 2025 U.S. Dist. LEXIS 191647, at *6 (S.D. Ohio Sept. 29, 2025) ("[n]one of the conditions that [he] identifies—suspension of telephone, visitation and JPay tablet privileges . . . constitute an extreme deprivation that gives rise to an Eighth Amendment violation." (alterations in original)); Helferty v. Mastnjak, No. 24-cv-2269, 2025 WL 2250002, at *7, 2025 U.S. Dist. LEXIS 150864, at *18 (E.D. Penn. Aug. 6, 2025) ("The mere confiscation of a tablet is not cruel, unusual, or inhumane, and hence Helferty has not stated a cause of action under the Eighth Amendment."); Henderson v. Legal Entity DeKalb County Jail, No. 1:20-cv-4572 LMM, 2021 WL 11718584, at *1, 2021 U.S. Dist. LEXIS 268421, at *2 (N.D. Ga. Jan. 14, 2021) ("even if Plaintiff had named a proper party as a defendant, he fails to state a claim because inmates to [sic] not have a right to access radios or tablet computers and denial of such devices does not constitute a violation of the Eighth Amendment.").

D. Eighth Amendment – Medical Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

A plaintiff can establish deliberate indifference "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) (citation omitted).

### E. Conspiracy under 42 U.S.C. § 1983

To state a claim for conspiracy under 42 U.S.C. § 1983, plaintiff must plead specific facts showing an agreement or meeting of minds between the defendants to violate his constitutional rights. Woodrum v. Woodward Cty., 866 F.2d 1121, 1126 (9th Cir. 1989; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988) ("A mere allegation of conspiracy without factual specificity is insufficient." (citation omitted)). Plaintiff must also show how an actual deprivation of his constitutional rights resulted from the alleged conspiracy. Id. "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989)). Additionally, plaintiff must show that defendants "conspired or acted jointly in concert and that some overt act [was] done in furtherance of the conspiracy." Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

### F. State Law Claims[6]

To state a viable state law claim against a state employee or entity, a plaintiff must allege compliance with the Government Claims Act. See State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1237 (2004) (for claims against the state, timely presentation of a claim under the Government Claims Act is an element of the cause of action and must be pled in the complaint); Cal. Gov't Code § 900.6 (defining "State" as "the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by

---

[6] Such as negligence claims.

5

warrants drawn by the Controller"). This requirement applies in federal court. See Clapp v. City and County of San Francisco, 846 F. App'x 525, 526 (9th Cir. 2021) (affirming dismissal where plaintiff "failed to allege facts sufficient to show that he complied with, or was excused from, the claim presentment requirement of the California Government Claims Act" (citation omitted)).

### G. Access to Courts

Prison officials may not actively interfere with an inmate's right to litigate. Silva v. Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011), overruled on other grounds by Richey v. Dahne, 807 F.3d 1202, 1209 n. 6 (9th Cir. 2015). In order to state a claim for the denial of access to the courts, a plaintiff must allege he suffered an actual injury, which is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. Lewis v. Casey, 518 U.S. 343, 349 (1996).